## POLICE JURY OF EAST FELICIANA *v.* TAYLOR et al.

Defendants sued as principal and surety on a bond, by which they bound themselves to keep a bridge in repair for a certain time, moved the court for a new trial, on the ground that they had discovered, since the trial, a written compromise, which had been signed by the plaintiffs, and the principal in the bond, settling the matters in dispute between the parties: *Held,* that a new trial should not be allowed, as the instrument could not have existed without the defendants' knowledge, and should have been pleaded in their answer.

Defendant, having built a bridge by contract, on the refusal of plaintiffs to receive it on the ground of its not having been erected in conformity to the agreement, executed a bond by which he bound himself to keep it in a good condition for a certain time, before the expiration of which it was destroyed by a freshet. The witnesses examined on the trial, thought that the freshet was not an irresistible force: *Held,* that the bond was conclusive evidence that the bridge was defective, and that defendant had not complied with his contract, and that the loss ought to fall on the party in fault at the time the bridge was destroyed. C. C. 1927, § 4.

APPEAL from the District Court of East Feliciana, *Johnson,* J. The material facts in the case, are stated in the opinion delivered by ROST, J., *infra.* A judgment having been rendered against the defendants, they moved the court for a new trial: " *First,* because the verdict was contrary to law and evidence: *Secondly,* because, since the trial, the defendant *Taylor* had discovered that, about the 15th of November, 1843, he had entered into a compromise or agreement with a committee of the Police Jury, acting by their authority in the matter, by which they agreed to pay him $400, as a compensation for building said bridge, and which was accepted by *Taylor,* and signed by the parties, and was annexed. The defendants further aver that, after accepting the propositions made to him, the defendant Taylor forwarded the same to the Police Jury,

who supposed they had retained it, and refused to abide by their own proposition after it was accepted; that he continued under that impression until after the trial, when his attention was called to the matter by one of the police jury." The statements in this motion were sworn to by *Taylor*, who further deposed, that the agreement has been returned to him by one *Pettiss*, who stated to him that the Police Jury declined to abide by it. The compromise referred to is in these words:·

"We the undersigned committee, appointed by the Police Jury of the parish of East Feliciana, La., to make a final settlement with *Isaac Taylor* for building the ("Comite Bridge") bridge across the Comite by said *Taylor*, near *John Curr's*, do agree to allow said *Taylor* the sum of four hundred dollars, and that the same be, and is to be, a privilege claim upon said parish, for said amount; and I, the ssid *Isaac Taylor*, agree to said settlement, provided said sum be allowed me as aforesaid and considered a privilege claim.

November 16th, 1843.

I accept the proposal.

WM. SANDEL, } *Committee.*
WM. GRIFFITH, }

ISAAC TAYLOR."

A new trial having been refused, the defendants appealed.

*Z. S. Lyons*, for the plaintiffs. The bond was not a warranty, but an obligation on the part of *Taylor*, to repair the known and visible defects of the bridge, which had already condemned it, on condition that it should be received in its then condition. C.C. arts. 1951, 1952. As a man binds himself so is he bound. The motion for a new trial was properly overruled. Under the pleadings, the paper *alleged* to have been found could not have been received in evidence. 4 Mart. 512, 7 La. 84. 10 La. 155. 7 Rob. 56. The paper is nothing more than an imperfect agreement to *compromise*, in the possession of *Taylor*, and consequently his acceptance not communicated to plaintiffs. Fraud on the part of plaintiffs is neither alleged nor proven. There is no error, either in fact or in law, to invalidate the transaction. A party who alleges an error must prove the error. 6 Mart. N. S. 206. Even error in law will not protect the obligee, if the contract entered into is to prevent litigation. C. C. art. 1840. no. 2. 5 La. 513.

*Lawson* and *Merrick*, for the appellants. The resolution of the Police Jury and the bond should be construed only as warranty of the workmanship, and, at the most, against the ordinary stages of high water, and not against such a flood as that of 1843, which was unprecedented in its height. The contractor is bound to warrant only against *the badness of the materials and workmanship*. Civil Code, arts. 2730 to 2733. *Fremont* v. *Harris*, 9 Rob. 23. 1 Pothier, Obl. no. 163. Code Nap. art. 1792. Pothier, Contr. de Louage, nos. 425, 426. The lessee is not bound for fortuitous events. C. C. art. 2687. But the Napoléon Code has a provision, that the lessee may charge himself with them by an *express stipulation*. The commentators say that this clause may be either against fortuitous events, or against fortuitous events, foreseen and unforeseen; that where there is an *express stipulation* against fortuitous events, it covers those which may be foreseen. Where it is express against fortuitous events. *foreseen or unforeseen*, it then covers accidents of every kind. Troplong, Louage, nos. 755, 756. In the case under consideration, there is no *express warranty* against fortuitous events at all; and the fair intendment of the warranty is as to the workmanship and materials, and not against floods greater than were ever previously known, and which could not have been anticipated or foreseen. The motive of *Taylor* for executing the bond, was the belief that he was bound in warranty, when in fact he was not. Therefore, there was no valid consent given, and the bond is a mere nullity. La. Code, art. 1818. *Berard's Heirs* v. *Berard*, 2 La. 1. *Barrow* v. *Cazeux*, 5 La. 72.

The judgment of the court was pronounced by

ROST, J. On the 12th day of September, 1840, the defendants gave their bond to the plaintiffs for the sum of $900, conditioned as follows:

POLICE JURY
*v.*
TAYLOR.

"Whereas the above bound *Isaac Taylor*, has this day received a draft on the parish treasurer of the aforesaid parish, for the sum of $600, which draft was given by order of the police jury of the aforesaid parish, for and in consideration of the said *Isaac Taylor's* having built a bridge over the Comite, near the plantation of *John Carr*, which bridge was reported unfavorably of by the bridge committee appointed for the purpose, which bridge the said *Taylor* agrees to warrant for the term of five years, from the 1st day of February, 1840.

"Now the condition of the above bond is such that, should the said *Taylor* keep the aforesaid bridge in a good and safe condition, and the abutments thereto in a good condition, for the term of five years, and leave the same in a good and passable condition to the public use, then this obligation to be void, else to remain in full force and virtue."

In 1842, the bridge was damaged by a freshet, and *Taylor*, having been put in default, partially repaired the damage. In 1843, another freshet carried away the bridge, and *Taylor*, having refused to rebuild it, was again put in default, and the plaintiffs instituted this action on the bond, praying, at the same time, that the warrant of $600 given him on the parish treasurer, and still unpaid, might be returned and cancelled. The defendants answered by a general denial, averred that the bond had been given by them in error, that the bridge had been built according to contract, and that it was destroyed by irresistible force, against which they did not warrant. The cause was tried before a jury, who gave a special verdict in favor of the plaintiffs for the amount of the warrant, and that the same be given up and cancelled. Judgment was rendered accordingly, and the defendants, having failed in their application for a new trial, took the present appeal.

The motion for a new trial was properly overruled. The contract, stated to have been found after the verdict was rendered, could not exist without the defendants' knowledge, and should have been pleaded in the answer.

We cannot go into the enquiry whether the bond sued upon was given in error; there is no evidence of that fact in the record. As the defendants bound themselves, they must remain bound; and the bond is conclusive evidence that the bridge was defective, and that the defendant *Taylor* had not complied with his contract.

Whether the freshet, by which the bridge was carried away, was an irresistible force, is a matter of conjecture. The witnesses think that it was not, and that the bridge might have been built so as to withstand it. Freshets seem to be of frequent occurrence on that river, and the experience of the witnesses gives much weight to their testimony.

This is a hard case, whichever way it may be decided. The jury appear to have considered that the loss ought to fall on the party in fault at the time the bridge was destroyed; and in this they made a correct application of the law to the facts before them. Civil Code, art. 1927, no. 4.     *Judgment affirmed.*